UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JERRY LEE KATT, JR.,

                        Petitioner,                    Case No. 1:16-cv-1470

v.                                               Honorable Janet T. Neff

SHIRLEE HARRY,

                        Respondent.

_____/

## OPINION

           This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court will dismiss the petition without prejudice for failure to exhaust available state-court remedies.

## Discussion

I.      Factual allegations

Petitioner is presently incarcerated with the Michigan Department of Corrections at the Earnest C. Brooks Correctional Facility in Muskegon Heights, Michigan.  Petitioner is serving seven sentences imposed by the Berrien County Circuit Court following his February 20, 2014 jury convictions on four counts of first-degree criminal sexual conduct (CSC), MICH. COMP. LAWS § 750.520b(1)(a), and three counts of second-degree CSC, MICH. COMP. LAWS § 750.520c(1)(a).  On March 31, 2014, the court sentenced Petitioner as a habitual offender-fourth offense, MICH. COMP. LAWS § 769.12, to 60 to 90 years on each first-degree CSC count and 19 to 60 years on each second-degree CSC count.  Petitioner is serving all of the sentences concurrently.

Petitioner, with the assistance of counsel, directly appealed his convictions.  The Michigan Court of Appeals described Petitioner's single issue on appeal as follows:

> Trial evidence established that defendant had oral and anal sex with the victims, who were both under age 13, multiple times over the course of four years.  During the trial, the prosecution asked a nurse examiner witness when one of the victims said the sexual abuse began, and the witness responded, "[a]fter [defendant] got out of prison, which is about 2009[.]"  The trial court denied defendant's motion for a mistrial and instructed the jury to disregard the statement.  Defendant asserts that the trial court erred in denying his motion for a mistrial.

*People v. Katt*, No. 321698, 2015 WL 4506811 at *1 (Mich. Ct. App. Jul. 23, 2015).  The court of appeals affirmed the trial court.  *Id.* at *2.

Petitioner filed an application for leave to appeal in the Michigan Supreme Court raising the same single issue he had raised in the court of appeals.  The supreme court denied leave by order entered March 8, 2016.  *People v. Katt*, 875 N.W.2d 225 (Mich. 2016).  Petitioner did not file a petition for certiorari in the United States Supreme Court.  (Pet., ECF No. 1, PageID.3.)

Petitioner filed his petition in this Court on December 9, 2016.[1]  In his petition he identifies four issues:

I.      Gross Misconducts by all Courts['] officers denying full, fair, complete hearing in meaningful manner at meaningful time.[2]

II.     Gross ineffective assistance of all appointed attorney's[s'] failure to retain expert testimony in defense.

III.    Gross misconduct by all court officers prejudicing jury and appellate review-requiring federal court evidentiary scrutinization.[3]

IV.     MDOC writ writer program is inadequate to assist Petitioner with investigation and litigation of past conviction appellate issues.

(Pet., ECF No. 1, PageID.6-10.)  The petition does not raise the single issue Petitioner raised on his direct appeal.

Petitioner attaches to his petition documents which he claims he has filed in the state courts.  Petitioner attaches a motion (EX PARTE Pro Se MOTION FOR IMMEDIATE CONSIDERATION REHEARING/RECONSIDERATION) purportedly filed in the Michigan Court of Appeals wherein he raises the issue regarding one judge presiding over his preliminary examination in the district court and his criminal trial in circuit court.  (Pet. Attach. 1, ECF No. 1-1, PageID.17-23.) Petitioner signed the document on November 10, 2016, but submitted it for mailing on November 16, 2016.  (*Id*., PageID.18, 27.)  The court of appeals docket does not show that the

---

[1]Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002).  Petitioner handed the petition to prison officials for mailing on December 9, 2016.  (Pet., ECF No. 1, PageID.14.)

[2]In further explanation, Petitioner states: "Biased judge sat both preliminary examination hearing in district court to bindover my case to circuit trial court where he again sat with prejudice denying me most basic due process . . . ." (Pet., ECF No. 1, PageID.6.)

[3]In further explanation, Petitioner states: "Accused documented visits and had witnesses which would have disproven nonspecific generalized testimony which prosecutor had purposefully choreographed to appear as if detailed while accused's appointed attorney refused to investigate or call witnesses nor even properly cross exam the alleged victims and judge had transcripts altered to eliminate biased statements . . . ."  (Pet., ECF No. 1, PageID.9.)

motion was filed in that court.   Petitioner filed a similar motion in the Michigan Supreme Court, also signed on November 10, 2016, but submitted for mailing on November 16, 2016.  (Pet. Attach. 1, ECF No. 1-1, PageID.24-26.)  The supreme court docket indicates the document, described as an untimely motion for reconsideration, was returned to Petitioner.  Petitioner also attaches a request for records directed to the trial court (*Id.*, PageID.28-30); a request for discovery directed to the prosecutor, (*Id.*, PageID.31-32); requests for his files directed to his trial and appellate attorneys (*Id.*, PageID.33-36); a notice to the Michigan State Courts Adminstrative Office (*Id.*, PageID.37-39); and letters to the Attorney Grievance and Judicial Tenure Commissions (*Id.*, PageID.40-44); all mailed on November 16, 2016.

II.    Exhaustion of State-Court Remedies

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts.  28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).  Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim.  *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971), *cited in Duncan v. Henry*, 513 U.S. 364, 365 (1995), and *Anderson v. Harless*, 459 U.S. 4, 6 (1982).  To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court.  *Duncan*, 513 U.S. at 365-66; *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990).  "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."  *O'Sullivan*, 526 U.S. at 845.  The district court can and must raise the exhaustion issue

*sua sponte* when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen*, 424 F.2d at 138-39.

Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Petitioner has not exhausted any of his habeas issues in the state courts.[4] With respect to each issue raised in his petition, Petitioner offered an explanation why he did not exhaust his state remedies:

| | |
|---|---|
| With respect to Ground I: | Need appointment of competent attorney and fair judge to hear entirety of exculpatory evidence with expert to testify for defense. |
| With respect to Ground II: | Once the Court orders discovery, evidentiary, and appoints counsel to investigate ex-spouse relationship with law enforcement and S.A.N.E. clinic personnel prior to fictitious charges to find truth. |
| With respect to Ground III: | Petitioner requests this Court accept this and assign docket number based upon enclosed issue and order stay and abey until post-conviction discovery and evidentiary hearings. |
| With respect to Ground IV: | Petitioner suffers recognized disability of illiteracy as well as emotional disorder and MDOC writ writer program legal aid clerks cannot provide adequate assistance as stated above. |

(Pet., ECF No. 1, PageID.6-10.)

An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c). Petitioner has at least one available procedure by which to raise the issues he has presented in this application.

---

[4]Petitioner might claim he has raised Issue I, regarding the judge's dual role, in the appellate courts by way of his "Ex Parte Motion." It does not appear that either Michigan appellate court accepted Petitioner's unusual filing. The United States Supreme Court has explained that the exhaustion requirement is not satisfied when a claim is presented in state court in a procedurally inappropriate manner that renders consideration of its merits unlikely. *Castille v. Peoples*, 489 U.S. 346, 351 (1989). Petitioner's motions, sent months after the appellate courts had finally resolved his appeals, were procedurally inappropriate and, thus, could not suffice to exhaust even the one issue raised therein.

He may file a motion for relief from judgment under MICH. CT. R. 6.500 *et seq.* Under Michigan law, one such motion may be filed after August 1, 1995. MICH. CT. R. 6.502(G)(1). Petitioner has not yet filed his one allotted motion. Therefore, the Court concludes that he has at least one available state remedy. In order to properly exhaust his claim, Petitioner must file a motion for relief from judgment in the Berrien County Circuit Court. If his motion is denied by the circuit court, Petitioner must appeal that decision to the Michigan Court of Appeals and the Michigan Supreme Court. *See Duncan*, 513 U.S. at 365-66.

Petitioner's application is subject to the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1). Under § 2244(d)(1)(A), the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Petitioner appealed his conviction to the Michigan Court of Appeals and the Michigan Supreme Court. The Michigan Supreme Court denied his application on March 8, 2016**.** Petitioner did not petition for certiorari to the United States Supreme Court, though the ninety-day period in which he could have sought review in the United States Supreme Court is counted under § 2244(d)(1)(A). *See Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on Monday, June 6, 2016. Accordingly, absent tolling, Petitioner would have one year, until June 6, 2017, in which to file his habeas petition.

In *Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002), the Sixth Circuit held that when the dismissal of a "mixed"[5] petition could jeopardize the timeliness of a subsequent petition, the district court should dismiss only the unexhausted claims and stay further proceedings on the remaining portion until the petitioner has exhausted his claims in the state court. The Court

---

[5]A "mixed petition" is a habeas corpus petition that contains both exhausted and unexhausted claims. *See Rose v. Lundy*, 455 U.S. 509, 522 (1982).

indicated that thirty days was a reasonable amount of time for a petitioner to file a motion for post-conviction relief in state court, and another thirty days was a reasonable amount of time for a petitioner to return to federal court after he has exhausted his state-court remedies.[6]

The instant case does not present a mixed petition because none of Petitioner's claims are exhausted.  It is unclear whether *Palmer* applies to a "non-mixed" petition.  Assuming *Palmer* applies, Petitioner has more than sixty days remaining in the limitations period, and, thus, he is not in danger of running afoul of the statute of limitations so long as he diligently pursues his state-court remedies.  Therefore, a stay of these proceedings is not warranted.

### Conclusion

For the foregoing reasons, the Court will dismiss the petition for failure to exhaust available state-court remedies.

### Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted.  A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service.  It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court already has determined that the action is so lacking in merit that service is not warranted.  *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v.*

---

[6]The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2).

*Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr.*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved the issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard.

This Court denied Petitioner's application on the procedural ground of lack of exhaustion. Under *Slack*, 529 U.S. at 484, when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id.* The Court finds that reasonable jurists could not debate that this Court correctly dismissed the petition on the procedural ground of lack of exhaustion. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner

should be allowed to proceed further." *Id.* Therefore, the Court denies Petitioner a certificate of appealability.

A Judgment consistent with this Opinion will be entered.


Dated:   January 30, 2017          /s/ Janet T. Neff
                                   Janet T. Neff
                                   United States District Judge